Robert J. Miller, Esq. (#013334)
Bryce A. Suzuki, Esq. (#022721)
**BRYAN CAVE LLP**
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
Internet: rjmiller@bryancave.com
bryce.suzuki@bryancave.com

Counsel for Peter S. Davis, Estate Representative

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GLOBAL GROUNDS GREENERY, L.L.C.,<br><br>Debtor.<br><br>This filing applies to:<br><br>☒ ALL DEBTORS<br>☐ SPECIFIED DEBTORS | Chapter 11<br><br>Case No. 2:06-bk-01701-RJH<br>Case No. 2:06-bk-01702-RJH<br>Case No. 2:06-bk-01718-SSC<br>Case No. 2:06-bk-01741-SSC<br>Case No. 2:06-bk-01743-JMM<br>Case No. 2:06-bk-01744-GBN<br>Case No. 2:06-bk-01758-CGC<br><br>Jointly Administered Under Case No. 2:06-bk-01701-RJH<br><br>**VERIFIED STATEMENT OF PETER S. DAVIS IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF SIMON CONSULTING, LLC AS ACCOUNTING CONSULTANT TO THE ESTATE REPRESENTATIVE**<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

I, Peter S. Davis, hereby declare as follows:

1. I am the court-appointed Estate Representative for Global Grounds Greenery, L.L.C., Peak Enti, L.L.C., Enti, Incorporated, Entertainment 2000, L.L.C.,

Enti Capital, LLC, Sierra Vista 3033, L.L.C., and WJG-038 Trust, the debtors in the above-referenced jointly-administered Chapter 11 cases (the "Estate Representative" and the "Debtors" respectively). I am also a Principal at Simon Consulting, L.L.C. ("SCLLC"), an accounting and financial advisory services firm located in Phoenix, Arizona. Except as otherwise noted, I have personal knowledge of the matters set forth herein.[1]

2. I am submitting this Verified Statement on behalf of SCLLC in support of the "<u>Application For An Order Authorizing And Approving The Employment Of Simon Consulting, LLC As Accounting Consultant to the Estate Representative</u>" in which the undersigned seeks an order authorizing the employment and retention of SCLLC as accounting consultant for the Estate Representative (the "Application"). SCLLC is seeking employment under the terms and conditions set forth in the Application.

**Disinterestedness and Eligibility**

3. My involvement with the Debtors began in state court proceedings, in which all but one of the Debtors were defendants and I was (and continue to be) the court-appointed receiver. In connection with the receivership proceedings, I duly employed SCLLC to provide accounting and financial advisory services.

4. In preparing this Verified Statement, SCLLC professionals conducted a review of its contacts with the Debtors, their affiliates, certain entities holding large claims against or interests in the Debtors that were reasonably known to SCLLC, and their respective attorneys and accountants. SCLLC's review, completed under my supervision, consisted of a query of the foregoing parties within an internal computer database containing names of individuals and entities that are current or former (recent) clients of SCLLC. To the extent the query identified a relationship between SCLLC and any relevant party, such relationship is disclosed in this Affidavit.

---

[1] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at SCLLC and are based on information provided by them.

552922.1 [0200694]     2

5.     Based on the results of its review, SCLLC concluded that none of its relationships with any party concern matters that are related to these Chapter 11 proceedings.

6.     As part of its diverse practice, SCLLC appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' Chapter 11 cases. Also, SCLLC has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. In addition, SCLLC has in the past, may currently, and will likely in the future, work with or against other professionals involved in these Chapter 11 cases in matters unrelated to the Debtors and these cases. Based on our current knowledge of the professionals involved in these proceedings, and to the best of my knowledge, none of SCLLC's relationships with such professionals create interests that are materially adverse to the Debtors in matters upon which SCLLC is to be employed, and none are in connection with these cases.

7.     Pursuant to the state court Receivership Order, SCLLC holds certain claims for payment of professional fees and expenses against the assets of the Receivership Defendants, including most of the Debtors, or if such assets are insufficient, against the state court plaintiffs, nearly all of whom are creditors of the Debtors. I may seek reimbursement under Bankruptcy Code § 543(c) for the payment of SCLLC's fees and expenses.

8.     Except with respect to the professional fees and expenses incurred by SCLLC in the state court receivership, SCLLC is not a "Creditor" of any of the Debtors within the meaning of Section 101(10) of the Bankruptcy Code. Further, neither I nor any other SCLLC managing director, to the best of my knowledge, is a holder of any equity interests in the Debtor entities.

9.  To the best of my knowledge, no one within SCLLC generally has any connection to the United States Trustee for the District of Arizona or any person employed in the Office of the United States Trustee for the District of Arizona ("OUST").

10. To the best of my knowledge, no one within SCLLC generally is a relative of the Honorable Randolph J. Haines.

11. To the best of my knowledge, SCLLC is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, in that SCLLC:

(a) is not an equity security holder or insider of the Debtors;

(b) is not and was not, within two years before the date of filing of the Debtors' Chapter 11 petitions, a director, officer, or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph;

(c) does not have an interest materially adverse to the interest of the estates or of any of the class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reasons; and

(d) except with respect to the fees and expenses incurred in connection with the state court receivership, is not a creditor of the Debtors.

In addition, to the best of my knowledge and based upon the results of the conflict search described above, SCLLC neither holds nor represents an interest adverse to the Debtors within the meaning of Section 327(a) of the Bankruptcy Code.

12. It is SCLLC's policy and intent to update and expand its ongoing conflicts check for additional parties in interest in an expedient manner. If any new relevant facts or relationships are discovered or arise, SCLLC will promptly file a supplemental affidavit pursuant to Bankruptcy Rule 2014(a).

### Professional Compensation

13. Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, applicable U.S. Trustee Guidelines and the Local Bankruptcy Rules, SCLLC will seek

552922.1 [0200694]   4

payment for compensation on an hourly basis, plus reimbursement of actual and necessary expenses incurred by SCLLC. SCLLC's customary hourly rates as charged in bankruptcy matters of this type by the professionals assigned to this engagement are $205 for services performed by Peter S. Davis and $85-150 for services performed by others associated with SCLLC. These hourly rates are adjusted annually. Such rate adjustments will be disclosed to this Court and the Debtors.

14. To the best of my knowledge, except as set forth in paragraph 7 above, no commitments have been made or received by SCLLC, nor any employee thereof, to receive compensation or payment in connection with these Chapter 11 cases, other than in accordance with the provisions of the Bankruptcy Code. Moreover, SCLLC has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases, other than with the owners of SCLLC and its employees.

15. SCLLC represents that the foregoing constitutes a complete and full disclosure of all prior and current representation of clients which have any connection to these cases, and that it has done everything within its power to discover any conflicts. However, SCLLC reserves the right to supplement and amend this Verified Statement should it discover further pertinent relationships that require disclosure in these cases.

16. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 28th day of July, 2006, in Phoenix, Arizona.

                                        /s/ Peter S. Davis
                                        Peter S. Davis

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

552922.1 [0200694]      5